IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MINNIE D. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:99CV292-SRW |
| ) | (WO) |
| JO ANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is presently before the court on the petition for authorization of attorney's fees filed by plaintiff's counsel pursuant to 42 U.S.C. § 406(b). Counsel seeks authorization to charge his client $9,582.18 for 18.75 hours of work before this court.[1] Plaintiff's counsel further asserts that he will refund to his client the amount of $2,548.18, the amount awarded to plaintiff under the Equal Access to Justice Act.

---

[1] 42 U.S.C. 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In this case, the Commissioner withheld $33,033.25 from plaintiff's past-due benefits and approved $5,300.00 as attorney fees for 15 hours of work at the administrative level.

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002), the Supreme Court examined the question of attorney's fees in conjunction with contingency fee agreements in Social Security disability cases. Specifically, the Court held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claims in court. Rather § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." <u>Id</u>. at 807. The burden is on the attorney for the claimant to "show that the fee sought is reasonable for the services rendered." <u>Id</u>.

The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). (<u>See</u> Agreement attached to Doc. # 23). Additionally, the award requested by counsel is $1000 less than the amount remaining in the 25 percent of past-due benefits withheld by the Commissioner, after the Commissioner's award of fees. The court must determine whether the amount of fees sought pursuant to the contingency fee agreement is reasonable. <u>Gisbrecht</u>, 535 U.S. at 808. An award of fees as requested by plaintiff's counsel would result in compensation at an hourly rate of $511.05. The court concludes that the requested award is reasonable in light of the issues presented and the amount of work expended before this court by counsel.

Accordingly, it is

ORDERED, pursuant to 42 U.S.C. § 406(b), that the motion for attorney's fees (Doc. # 23) is GRANTED. The Commissioner is DIRECTED to pay to plaintiff's attorney the amount of $9,582.18 from plaintiff's withheld past due benefits, and pay the remainder of

withheld benefits to the plaintiff.

It is further ORDERED that plaintiff's counsel is DIRECTED to refund to plaintiff the amount of $2,548.18, the amount previously paid to counsel by the Commissioner under the Equal Access to Justice Act.

DONE, this 12th day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE